# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **JESSICA JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **WIRELESS TIME ALABAMA, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Jessica Jones, by and through her attorneys of record, and files this Complaint against the Defendant, Wireless Time Alabama, LLC, and states as follows:

## NATURE OF THE CASE

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq., ("ADA"), to correct unlawful employment practices on the basis of disability. This action is also brought for violations of the Pregnancy Discrimination Act of 1978 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII"), which prohibit sex discrimination on the basis of pregnancy, and to provide

appropriate relief to Plaintiff. Finally, this is an action brought for violations of the Family and Medical Leave Act ("FMLA") as set forth in 29 USC § 2601, et seq.

2. As alleged with particularity below, Wireless Time Alabama, LLC ("Defendant" or "Wireless Time") discriminated against and/or retaliated against Jessica Jones ("Plaintiff" or "Ms. Jones"), a qualified female with a disability, when it placed Ms. Jones on unpaid leave because of her disability and subsequently demoted her.

3. Also as alleged with particularity below, Wireless Time discriminated against and/or retaliated against Ms. Jones, a pregnant female, when it placed Ms. Jones on unpaid leave because of her status as a pregnant female and subsequently demoted her.

4. Also as alleged with particularity below, Wireless Time violated the FMLA when it denied Ms. Jones leave under the FMLA and/or retaliated against her for attempting to engage in her rights under the FMLA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5f(1) and (3).

6. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2019-02887. (Attached to this Complaint as Exhibit A).

7. On September 28, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue. (Attached to this Complaint as Exhibit B).

8. Plaintiff has timely filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

9. This action is brought in the judicial district where the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

**PARTIES**

10. Plaintiff was more than nineteen (19) years old at the time of the events in question and is currently a resident of Dallas County in the State of Alabama.

11. Wireless Time Alabama, LLC is an Alabama domestic limited liability corporation with a principal place of business in Montgomery County.

12. At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Selma and has continuously had at least 15 employees.

13. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the

ADA, 42 U.S.C. §§ 12111(5), (7), and Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b),(g), and (h).

14. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF FACTS

15. In or about January 2017, Ms. Jones began her employment as a Manager with Wireless Time.

16. As a Store Manager, Ms. Jones was entitled to a monthly individual sales commission as well as a monthly store commission.

17. Ms. Jones learned that she was having a high-risk pregnancy in or around August of 2018.

18. In or around December 2018, Ms. Jones informed Wireless Time of her pregnancy and requested leave under the Family and Medical Leave Act (hereinafter "FMLA").

19. More specifically, Ms. Jones spoke with her district manager, Jamar Stanford ("Mr. Stanford") and her Human Resource Manager, Rusty Harless ("Mr. Harless") about her high-risk pregnancy and need for leave as an accommodation.

20. Ms. Jones was informed that Wireless Time did not offer leave under the Family Medical Leave Act ("FMLA").

21. Ms. Jones was informed of this despite the fact that Section 5.6 of Wireless Time's Employment Handbook states that an employee is allowed FMLA and will be placed in his or her same position or equivalent position upon return. (Attached to this Complaint as Exhibit C).

22. Ms. Jones questioned Wireless Time about the FMLA Policy contained in the Employment Handbook

23. Ms. Jones was further informed that she, specifically, was not eligible for FMLA.

24. However, Mr. Harless explained to Ms. Jones that she could request a leave of absence, and, if approved for such request, that Wireless Time would attempt to hold her position open for up to six (6) weeks.

25. Mr. Harless further explained that Wireless Time could not guarantee her same position upon Ms. Jones' return from leave for her high-risk pregnancy.

26. On or about March 11, 2019, Ms. Jones began unpaid leave for her high-risk pregnancy.

27. Ms. Jones remained in weekly contact with Mr. Stanford, her District Manager, during her leave of absence.

28. During one of her weekly calls on or about March 22, 2019, Ms. Jones inquired about an employee who was acting as the Selma Store Manager.

29. Mr. Stanford assured Ms. Jones that the acting Store Manager was only temporary until Ms. Jones could return.

30. Ms. Jones returned to work on or about April 15, 2019 – approximately three (3) weeks after beginning her leave and having her baby.

31. Ms. Jones' prompt return was attributable to her fear of losing her position as Manager.

32. Upon contacting Wireless Time about returning, Ms. Jones was informed that she would first need to contact the Human Resources Department.

33. Upon speaking with her Human Resources Department, Ms. Jones learned that her former position of Manager had been permanently awarded to another employee.

34. Wireless Time informed Ms. Jones that she may return to the Selma location as a part-time Sales Expert.

35. The position of Sales Expert is subordinate to Ms. Jones' previous position of Manager.

36. Ms. Jones, as a Sales Expert, received less pay and became ineligible for monthly store commissions.

37. Ms. Jones contacted Clay Beagle ("Mr. Beagle"), Wireless Time's Director, and informed him that she had been demoted after returning from leave and had been subjected to ongoing discrimination/retaliation.

38. More specifically, Ms. Jones explained that on or about April 12, 2019, Mr. Stanford told another employee not to get pregnant or that employee would not have a job.

39. Mr. Beagle replied via email and informed Ms. Jones that she would remain in the position of part-time Sales Representative.

40. Mr. Beagle did not address the reported discrimination/harassment/retaliation.

41. Ms. Jones remained in the position of Sales Representative for the duration of her employment with Wireless Time.

42. Due to her demotion, loss of income, retaliation, and harassment within the workplace, Ms. Jones was constructively discharged from her employment with Wireless Time on or about May 13, 2019.

43. Based upon the afore-mentioned actions and/or omissions by the Defendant, Ms. Jones was discriminated against, and continued to be discriminated against, because of her disability (high-risk pregnancy) and her status as a pregnant woman

44. Ms. Jones has also been discriminated against and retaliated against for attempting to engage in her rights under the Family Medical Leave Act ("FMLA").

## COUNT ONE
### (DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT)

45. Plaintiff re-alleges and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

46. At all times material hereto, Plaintiff was an employee of Defendant, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 USC 12111(5)(a).

47. At all times material hereto, Plaintiff was a qualified individual with a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8).

48. More specifically, Plaintiff had a temporary disability associated with her pregnancy that substantially impaired a major life activity.

49. In the alternative, Defendant regarded Plaintiff as having a disability by subjecting her to an adverse employment action when it failed to provide a reasonable accommodation for Plaintiff's actual or perceived temporary disability of high-risk pregnancy.

50. Defendant's placing of Plaintiff on unpaid leave and then subsequent demotion of Plaintiff on the basis of disability constitutes discrimination.

51. Defendant's refusal to accommodate a pregnant female experiencing a high-risk pregnancy constitutes discrimination on the basis of disability.

52. On its face, Defendant's policy of placing pregnant women on unpaid leave operates as a blanket policy that goes beyond the essential job functions, that is not mandated by law, and that screens out qualified individuals with disabilities on the basis of disability.

## COUNT TWO
## (DISCRIMINATION BASED UPON GENDER)

53. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

54. Defendant has engaged in unlawful employment practices in violation of The Pregnancy Discrimination Act and Title VII. These unlawful employment practices include discriminating against Plaintiff on the basis of her status as a pregnant female.

55. Defendant's placing of Plaintiff on unpaid leave and demotion upon return from leave on the basis of her status as a pregnant female constitutes discrimination based on sex in violation of The Pregnancy Discrimination Act and Title VII.

56. Defendant's refusal to accommodate a pregnant female constitutes discrimination based on sex in violation of The Pregnancy Discrimination Act and Title VII.

57. On its face, Defendant's policy of placing pregnant women on unpaid leave operates as a blanket policy that treats women affected by pregnancy and / or related medical conditions differently for employment-related purposes.

58. Because Defendant will not accommodate or attempt to accommodate pregnant females, Defendant has discriminated against Plaintiff on the basis of her status as a pregnant female.

59. The effect of this practice has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of the basis of her status as a pregnant woman.

## COUNT THREE
### (RETALIATION IN VIOLATION OF TITLE VII)

60. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

61. As detailed in the previous factual averments, Plaintiff has been discriminated against, singled-out, and treated differently than similarly situated employees because of her status as a pregnant female in violation of Title VII.

62. Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by removing job responsibilities, demoting, reducing compensation and hours, subjecting to unwarranted disciplinary actions, harassing, and/or neglecting to address reported incidences of harassment and retaliation from Plaintiff.

63. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon her reporting gender discrimination.

64. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

65. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

66. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

67. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is her only means of securing adequate relief.

68. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## COUNT FOUR
### (RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

69. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

70. Plaintiff requested an accommodation(s) that were reasonable and aimed at allowing her to perform the essential function of her job with Defendant.

71. Following her request for an accommodation(s), Plaintiff was denied engagement of the Defendant in the interactive process, denied attempts at accommodation(s), demoted, and subjected to ongoing harassment/discrimination/retaliation, and ultimately was constructively discharged for her engaging in said protected activity.

72. Plaintiff avers that Defendant's actions and/or omissions were unlawful and retaliatory and in violation of the ADA.

## COUNT FIVE
### (INTERFERENCE IN VIOLATION OF THE FMLA)

73. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

74. Defendant was Plaintiff's "employer" as defined by the FMLA.

75. Plaintiff was an eligible employee under the FMLA.

76. Defendant interfered with Plaintiff's rights protected under the Family and Medical Leave Act, 29 USC § 2601, et seq., by, inter alia, refusing to allow her

leave under the FMLA, misleading Plaintiff as to her eligibility under FMLA, failing to restore Plaintiff to her same, or an equivalent, position.

77. As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

78. Defendant intentionally and willfully retaliated against the Plaintiff when it terminated her after she exercised her rights under the FMLA.

## COUNT SIX
### (FMLA RETALIATION)

79. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

80. Defendant intentionally and willfully retaliated against the Plaintiff when it effectively terminated her after she exercised her rights under the FMLA.

## PRAYER FOR RELIEF

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendant as follows:

(A) Declaratory judgment that Defendant's employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by Title VII, The Pregnancy Discrimination Act, the ADA, and/or the FMLA.

(B) Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in concert with the Defendant and

at the Defendant's request from continuing to violate Title VII, The Pregnancy Discrimination Act, the ADA and/or the FMLA;

(C)  Order Defendant, their agents, owners, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices, including implementing a consistent policy against discrimination and retaliation in the workplace;

(D)  Order Defendant to make Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her mental and emotional distress, embarrassment, humiliation and trauma;

(E)  Award Plaintiff her compensatory and punitive damages under the laws of the Constitution of the United States;

(F)  Award Plaintiff her costs and expenses in prosecuting this action, including an award of reasonable attorneys' fees;

(G)  Award such other relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demand trial by struck jury of all issues in this Complaint.

Respectfully Submitted,

          */s/ Dustin J. Kittle*
          Dustin J. Kittle (ASB-8250-T68K)
          *Attorney for Plaintiff*

**OF COUNSEL:**

**HUMBLE LAW, LLC**
3112 Blue Lake Drive, Suite 100
Birmingham, Alabama 35243
Tel: (205) 358-3100
Fax: (205) 358-3033

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

**Wireless Time Alabama, LLC**
**Registered Agent: Karim Muscatwalla**
7331 Brisbane Place
Montgomery, Alabama 36117