# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JESSICA JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 2:20-cv-00613-KD-B |
| | ) |
| WIRELESS TIME ALABAMA, LLC, | ) |
| | ) |
|     Defendant. | ) |

**WIRELESS TIME ALABAMA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Wireless Time Alabama, LLC, by and through the undersigned, and hereby submits its answer to Plaintiff's Complaint, and hereby states as follows:

**NATURE OF THE CASE**

1. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 1, and therefore it is denied.

2. Denied.

3. Denied.

4. Denied.

**JURISDICTION AND VENUE**

5. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 5.

6. Admitted.

7. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 7, therefore they are denied.

8. Denied.

9. Denied.

## PARTIES

10. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 10, therefore it is denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## STATEMENT OF FACTS

15. Admitted.

16. Admitted.

17. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 17, therefore it is denied.

18. Admitted.

19. Admitted.

20. As stated, denied.

21. As stated, denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 27, therefore it is denied.

28. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 28, therefore it is denied.

29. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 29, therefore it is denied.

30. Admitted.

31. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 31, therefore it is denied.

32. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 32, therefore it is denied.

33. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 33, therefore it is denied.

34. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 34, therefore it is denied.

35. Denied.

36. Denied.

37. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 37, therefore it is denied.

38. Denied.

39. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 39, therefore it is denied.

40. Defendant is without sufficient information to either admit or deny Plaintiff's allegations in Paragraph 40, therefore it is denied.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

## COUNT ONE
## (DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT)

45. Defendant adopts all answers to previous paragraphs as if fully set herein.

46. This is a legal conclusion where an admission or denial is not proper. To the extent it is, Defendant denies any material claims in this paragraph.

47. As stated, denied.

48. As stated, denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT TWO
## (DISCRIMINATION BASED UPON GENDER)

53. Defendants adopt all answers to previous paragraphs as if fully set herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT THREE
## (RETALIATION IN VIOLATION OF TITLE VII)

60. Defendant adopts all answers to previous paragraphs as if fully set herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT FOUR
### (RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

69. Defendant adopts all its answers to previous paragraphs as if fully set herein.

70. Denied.

71. Denied.

72. Denied.

## COUNT FIVE
### (INTERFERENCE IN VIOLATION OF THE FMLA)

73. Defendant adopts all its answers to previous paragraphs as if fully set herein.

74. Admitted.

75. As stated, denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT SIX
### (FMLA RETALIATION)

79. Defendant adopts all its answers to previous paragraphs as if fully set herein.

80. Denied.

## AFFIRMATIVE AND ELECTIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendant pleads the general issue.

3. Defendant pleads assumption of the risk.

4. Defendant denies proximate cause.

5. Defendant pleads estoppel, waiver, laches and statue of frauds.

6. Defendant denies any causal relationship between its actions or non-actions and the alleged damages of Plaintiff.

7. Defendant avers Plaintiff failed to mitigate her damages, if any.

8. Defendant pleads the affirmative defense of spoliation of the evidence, and as such, the Plaintiff's right to recovery is barred.

9. Defendant pleads the right of set-off and/or credit for any monies paid by Defendant or any other party.

10. Some or all of the damages of which Plaintiff complains are the result of other alterations undertaken by Plaintiff, and for which the Defendant is not liable.

11. Plaintiff's damages, if any, are the result of a superseding, independent intervening causes.

12. Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against it in the Complaint.

13. Defendant claims Plaintiff comes to this Court with unclean hands.

14. To the extent that Plaintiff seeks recovery of, or indemnity for, any punitive or exemplary damages, the award of such damages violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and

Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

   a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

   b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

   c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

   d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

   e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

   f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

   g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

   h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

   i) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

   j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

   k) That standards of conduct upon which punitive damages are awarded are vague.

   l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

   m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

   n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

  o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

15. Defendant avers that any demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code § 6-11-21 (Repl. Vol. 1993).

16. The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

17. Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

18. To the extent that Plaintiff's demand for punitive damages may result in multiple damage awards to be assessed for the same act or omission against the Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

19. With respect to the any demand for punitive damages or indemnity therefor, the Defendant specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

20. This Defendant contends that Plaintiff is not entitled to an award of, or indemnity for, punitive damages, and that an award of punitive damages against the Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of

the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

21. The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff or indemnity sought by Third Party Plaintiff in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United States, under authority of BMW North American, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

22. Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendants of due process of law.

23. Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

a) Due Process Clause - Fourteenth Amendment to the Constitution of the United States: Punitive damages are vague and not rationally related to legitimate governmental interests.

b) Sixth Amendment to the Constitution of the United States: Punitive damages are penal in nature and, consequently, the defendant is entitled to the same procedural safeguards accorded to criminal defendants.

c) Self-incrimination Clause - Fifth Amendment to the Constitution of the United States: It violates the right against self-incrimination to impose punitive damages against the defendant that are penal in nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

d) Excessive Fines Clause - Eighth Amendment to the Constitution of the United States: In the event that any portion of a punitive damages award against the defendant were to inure to the benefit of any state or governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

24. Plaintiff's Complaint seeks to make this Defendant liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Go*re, 116 S.Ct. 1589 (1996) on the issues of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations and standards as mandated by the United States Supreme Court decision in that case.

25. Defendant affirmatively pleads that any punitive damages that Plaintiff may recover in this case should be capped in keeping with *Ala. Code* § 6-11-21 and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So.2d 798 (Ala. 1999). Any demand for punitive damages is due to be struck because, on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), holding that the amount of punitive damages, is not really a fact tried by the jury, and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are essentially a factual determination, punitive damages are an expression of more condemnation that essentially constitutes a conclusion of law. The court cited the Eight Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments. Such punishments should be determined by courts as a matter of law, rather than by a jury as a matter of fact.

Respectfully submitted this 26th day of March 2021.

>/s/ Royal C. Dumas
>Royal C. Dumas (ASB: 1404-R60D)
>Attorney for Wireless Time Alabama, LLC

**OF COUNSEL**:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street (36104)
Post Office Box 270
Montgomery, Alabama  36101-0270
Telephone (334) 206-3100
rcd@rushtonstakely.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2021, I electronically filed the above and foregoing document via CM/ECF system which will send notification of such filing to the following electronically:

Dustin Kittle, Esq.
Humble Law, LLC
7331 Brisbane Place
Montgomery, Alabama 36117
Email: dkittle@lgwpc.com

                                                  */s/ Royal C. Dumas*
                                                  OF COUNSEL